Bobby **BATTLE**, Petitioner–Appellant,

v.

**U.S. PAROLE COMMISSION, et al.,**
Respondents–Appellees.

No. 86–2960
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 10, 1987.

Bobby Battle, pro se.

Bob Wortham, U.S. Atty., Dave Smith, Tyler, Tex., for respondents-appellees.

Before POLITZ, WILLIAMS, and JONES, Circuit Judges:

PER CURIAM:

The district court denied the appellant's petition for writ of habeas corpus, based on the decision of the U.S. Parole Commission revoking his special parole and resentencing him accordingly. We find no error, and AFFIRM.

Appellant Battle was convicted of distributing heroin, for which he was sentenced in November, 1975 to a prison term with a three-year special parole term. He was released from prison and completed his regular parole, but during the special parole term, he was charged and convicted of cocaine possession with intent to distribute. He was convicted of this offense and in January, 1985 was sentenced to serve four years. In May, 1985, he received a combined revocation hearing on his first special parole term and the initial parole hearing on the 1985 sentence. The Parole Commission revoked Battle's special parole, denying him credit for the time spent in that status. The unexpired portion of his original sentence was ordered to commence upon a release from the 1985 cocaine conviction Battle was to be continued to the expiration of the new sentence and was given a presumptive parole on the violator term of July 28, 1988. Appeal to the National Appeals Board was unsuccessful, as was Battle's effort to contest this sentence before the magistrate and district court.

Battle first contends that the Parole Commission does not have legal authority to supervise and revoke a special parole mandated by 21 U.S.C. § 841(c). Citing observations from several court opinions, he argues that only the district court has that authority. In *United States v. Hernandez,* 750 F.2d 1256, 1260 (5th Cir.1985), this court commented that "there is no reason why [the district court's] power [to order an appropriate sanction] does not also extend to sentencing a parole violator under § 841(b)(1)(A)." See also *United States v. Butler,* 763 F.2d 11, 15 (1st Cir. 1985); *United States v. Glasser,* 750 F.2d 1197, 1207 (3rd Cir.1984), cert. denied, 471 U.S. 1018, 105 S.Ct. 2148, 85 L.Ed.2d 504 (1985) (regarding the analogous special parole term provided in 21 U.S.C. § 960(c)). None of these opinions, however, suggests that such sentencing authority in the district court is exclusive. In particular, none of them cites the section of the Code of Federal Regulations providing that supervision, revocation, and other special parole term proceedings are conducted by the Parole Commission similarly to regular parole. See 28 C.F.R. § 2.57 (1986), formerly 28 C.F.R. § 2.56 (1976). The authority of the Parole Commission pursuant to these regulations has been unquestioned by the courts. See *Walker v. United States Parole Commission,* 592 F.2d 905, 906 (5th Cir.1979) (involving counterpart provisions in 21 U.S.C. § 960(c)); *United States v. Bridges,* 760 F.2d 151, 154 (7th Cir.1985); *United States v. Lockley,* 590 F.Supp. 1215, 1217 (N.D.Ga.1984). There is no support for Battle's contention that special parole revocation authority rests solely in the district courts.

Appellant's second contention is that the Parole Commission could not impose a term on his revoked special parole term consecutively to his new sentence. The Parole Commission has discretion to impose a sentence based on revocation of special parole either concurrently or consecutively to the defendant's additional sentence—here, Battle's 1985 cocaine conviction. In *Saulsbury v. United States,* 591 F.2d 1028 (5th Cir.1979), this court affirmed the Parole Commission's denial of credit for time served in state custody, rejecting the contention that federal parole revocation should run concurrently with

the time served in state custody. The court referred to this sentencing discretion as essential to the authority of the Parole Commission. Likewise, in *King v. United States Parole Commission*, 744 F.2d 1449 (11th Cir.1984), the eleventh circuit refused to require that a parole violator's new sentence should run concurrently with the parole violator term he was going to have to serve. There is no reason to distinguish the Parole Commission's authority in these cases from appellant's case because it involves a special parole term. We note also the breadth of the Parole Commission's discretion as codified in 28 U.S.C. § 841(c), which provides in pertinent part:

A person whose special parole term has been revoked *may be* required to serve all or part of the remainder of the new term of imprisonment. A special parole term provided for in this section ... shall be in addition to, and not in lieu of, any other parole provided for by law. (emphasis added).

■ We need not dwell at length on Battle's assertion that he was entitled to a hearing in the district court on his claim that he has not received "meaningful parole consideration" by the Parole Commission. He cites no facts, in this court or in the district court, on which this conclusion is based. The magistrate did not mention this contention in his report, Battle did not identify this contention in his objections to the magistrate's report, and the district court made a "de novo determination of the objections." In *Nettles v. Wainwright*, 677 F.2d 404, 410 n. 8 (5th Cir.1982) (en banc), this court stated: "[p]arties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Consideration of this claim is therefore barred on several grounds. First, appellant failed to present it properly to the district court in objections to the magistrate's report. *Mayberry v. Davis*, 608 F.2d 1070, 1072 (5th Cir.1979). Second, this contention is purely conclusory. See *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir.1982), cert. denied, 461 U.S. 951, 103 S.Ct. 2419, 77 L.Ed.2d 1310 (1983). Third, it raises no disputed factual issue which requires resolution by an evidentiary hearing.

The judgment of the district court is AFFIRMED.