**Charles H. WHITE, Appellant,**

v.

**UNITED STATES PAROLE COMMIS-SION and John Sullivan, Warden, Appellees.**

**No. 88–5096.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 5, 1988.
Decided Sept. 6, 1988.

**60**

Charles H. White, pro se.

Paul A. Murphy, Asst. U.S. Atty., Minneapolis, Minn., for appellees.

Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.

PER CURIAM.

Charles H. White appeals from the district court's[1] order denying his 28 U.S.C. § 2241 petition for writ of habeas corpus challenging the revocation of his parole. We affirm.

While under federal parole supervision, White was arrested in May 1984 for driving while intoxicated (DWI); he was convicted of improper lane use in connection with a negotiated plea to the DWI charge. In January and April of 1986, White was again arrested for DWI.

In May 1986, the United States Parole Commission (Commission) issued a parole violator warrant listing the above-mentioned offenses; the warrant was executed in August 1986. Following a revocation hearing held in September 1986, at which White admitted to each of the charges, the hearing panel recommended (1) White's parole be revoked; (2) none of the time spent on parole ("street time") be credited; and (3) White continue to a presumptive reparole after twelve months with special alcohol aftercare.

Thereafter, the Commission applied for a supplemental warrant based on a charge of receiving stolen property to which White had pleaded guilty in August 1986. In a Notice of Action dated October 23, 1986, White was informed of the Commission's revocation decision and that an additional hearing had been scheduled "to discuss information relating to the charge on the supplemental warrant application, and all information related to revocation of parole and subsequent action."

At the second hearing, White admitted to the conviction for receipt of stolen property. The Commission decided to exceed the guidelines, which recommended sixteen to twenty-two months of service, and imposed a twenty-five month term of service because of the repetitive nature of White's violations.

After appealing the Commission's decision to the National Appeals Board, White filed the present pro se petition alleging, *inter alia,* that (1) the Commission waived reliance upon the May 1984 DWI and improper-lane-use charges/conviction and the January 1986 DWI charge by failing to pursue revocation proceedings upon these grounds in a timely manner, and because his parole officer informed him these charges would not be used as parole violations; and (2) White did not receive notice and an opportunity to defend against the charge considered at the second hearing because he was not served with the supplemental warrant until the commencement of the second hearing. The district court denied White's petition, and this appeal followed.

In reviewing a decision of the Parole Commission, this court must affirm unless the Commission's decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); *Perry v. United States Parole Comm'n,* 831 F.2d 811, 812 (8th Cir.1987), *cert. denied,* — U.S. —, 108 S.Ct. 1230, 99 L.Ed.2d 429 (1988).

White argues that the district court erred in dismissing his claim that he is entitled to habeas relief because the Commission waived reliance upon the May 1984 and January 1986 charges/conviction by determining not to use them and by failing to pursue them in a timely manner. We disagree.

■ There is no evidence, nor does White claim, that the *Commission* represented to him that it would not act upon these charges. Even if, as White asserts, his parole officer made such a representation, there is no evidence that White was told these charges would not be considered

1. The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota.

in determining whether a subsequent violation would be characterized as repetitive. Furthermore, only the Parole Commission, not a parole officer, is authorized to make parole revocation determinations. 18 U.S.C. § 4203(b)(3).

We further conclude that the lapse of time between the charges in question and the issuance of the parole violator warrant was not unreasonable and did not result in a waiver of the Commission's authority to use these charges. Unlike the cases cited in White's brief, there is nothing to suggest that the lapse of time in the present case was the result of unfair tactics. The decision not to seek revocation after the May 1984 charge/conviction was certainly reasonable; when, however, White incurred two additional DWI charges within three months of each other, the apparent continuing nature of his violations justified the institution of revocation proceedings. Moreover, White has not alleged that the lapse of time prejudiced his ability to challenge the earlier violations or to produce evidence of mitigating circumstances. *See United States v. Wickham,* 618 F.2d 1307, 1310 (9th Cir.1979) (in order to show prejudice, delay must impair ability to contest facts of alleged violation, or adversely affect ability to present favorable evidence).

White also argues that the district court erred in dismissing his claim that his due process rights were violated because he did not receive notice of the Commission's decision to consider the receipt-of-stolen-property conviction until the commencement of the second hearing. We find this claim without merit because White has not shown that the alleged defect prejudiced him.

Due process requires that a parolee be given written notice of the conditions of parole allegedly violated and of the possible action to be taken by the Commission. 18 U.S.C. §§ 4213(c)(3), 4214(a)(2)(A); *Morrissey v. Brewer,* 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972). In order for the failure to provide written notice to form a basis for habeas relief, however, a petitioner must demonstrate that he was prejudiced by the claimed defect. *D'Amato v. United States Parole Comm'n,* 837 F.2d 72, 77 (2d Cir.1988); *see Staege v. United States Parole Comm'n,* 671 F.2d 266, 268–69 (8th Cir.1982) (per curiam).

The October 23, 1986 Notice of Action apprised White that a subsequent charge and its consequences upon "the revocation of his parole and subsequent action" would be considered at the second hearing. The panel report of the December 4, 1986 revocation hearing indicates that White was "advised in as much as the charges listed on the warrant application had not been discussed with him at the time of his initial parole revocation hearing he had the right for appointment of counsel," which White declined. Although White argues that the failure to provide adequate notice prevented him from presenting evidence in his favor, he has never challenged the receipt-of-stolen-property conviction, nor has he demonstrated what evidence he could have presented relevant to the Commission's decision, which was based upon the repetitive nature of his violations.

We have reviewed White's other assignments of error and conclude that they are without merit. Accordingly, the district court's denial of his petition is affirmed.