George ESCAMILLA, Petitioner–Appellant,

v.

WARDEN, FCI EL RENO, Respondent–Appellee.

No. 92–6237.

United States Court of Appeals, Tenth Circuit.

Aug. 12, 1993.

Nancy B. Barohn, San Antonio, TX, for petitioner-appellant.

Kristie K. Stafford (Joe Heaton, U.S. Atty., and Robert A. Bradford, Asst. U.S. Atty., Oklahoma City, OK, with her on the brief), for respondent-appellee.

Before BRORBY, Circuit Judge, McWILLIAMS, Senior Circuit Judge, and BROWN, Senior District Judge.*

McWILLIAMS, Senior Circuit Judge.

This is an appeal from an order of the United States District Court for the Western District of Oklahoma denying a petition for a writ of habeas corpus filed by a person in federal custody. 28 U.S.C. § 2241. The issue presented is whether the United States Parole Commission had the authority to supervise and revoke petitioner's special parole term.

---

* Honorable Wesley E. Brown, Senior District Judge for the District of Kansas, sitting by designation.

## I.

On April 20, 1982, George Escamilla pleaded guilty in the United States District Court for the Western District of Texas to the criminal offense of aiding and abetting the distribution of four ounces of heroin, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Escamilla to ten years imprisonment in the custody of the Attorney General and a life term of special parole. Escamilla completed his ten-year sentence on July 18, 1989, served a term of parole from July 18, 1989, to March 29, 1990, and commenced his term of special parole on March 29, 1990.

On June 11, 1990, a warrant was issued for Escamilla's arrest, and he was subsequently taken into custody and charged with violating the conditions of his special parole. A revocation hearing was thereafter held before a hearing examiner for the Parole Commission, who, on August 20, 1990, recommended that Escamilla's term of special parole be revoked and that he serve 150 months in custody. On review, the Regional Commissioner concurred in the hearing examiner's recommendation, and on November 16, 1990, the National Appeals Board affirmed the Regional Commissioner's decision.

## II.

On November 19, 1991, Escamilla, while incarcerated in the Federal Correctional Institution in El Reno, Oklahoma, brought the present proceeding in the United States District Court for the Western District of Oklahoma, naming as the defendant the Warden of the Institution. In his petition, Escamilla challenged the authority of the United States Parole Commission to revoke his special parole. After a hearing, on April 10, 1992, a magistrate judge recommended that Escamilla's petition be denied. Objections were filed to the magistrate's recommendation, and on June 18, 1992, the district court adopted the magistrate's report and recommendation and denied Escamilla's petition. This appeal followed.

## III.

The United States Parole Commission was created by Congress when it enacted the Parole Commission and Reorganization Act of 1976. 18 U.S.C. § 4201, et seq.[1] Section 4203(a)(1) granted the Parole Commission the authority to promulgate rules and regulations for the powers enumerated in § 4203(b) and to promulgate "such other rules and regulations as are necessary to carry out a national parole policy and purposes" of the Act. Section 4214 empowered the Parole Commission with the authority to revoke parole.

■ The special parole sentence was created as part of the Controlled Substances Act of 1970, codified at 21 U.S.C. § 841(b).[2] By the terms of that statute, certain drug offenders were required to serve a term of special parole following incarceration. *Id.* Special parole differed from "ordinary" parole in that (1) it is imposed by the sentencing court; (2) it follows the completion of the primary sentence, which may include regular

---

1. Title 18 U.S.C. § 4201, *et seq.*, which created the Parole Commission, has been repealed, Pub.L. 98–473, Title II, § 218(a)(5), Oct. 12, 1984, 98 Stat.2027, but has been allowed to apply to those individuals who committed offenses prior to November 1, 1987 until November 1, 1997, Pub.L. 98–473, § 235(a)(1), 98 Stat. 2031 (extending the life of these statutes until November 1, 1992); Pub.L. 101–650, § 316, 104 Stat. 5115 (extending the life of these statutes until November 1, 1997).

2. The Sentencing Reform Act of 1984 and the Controlled Substances Penalties Amendments Act of 1984 altered the penalty scheme for federal drug offenders and, *inter alia,* deleted all references to special parole in the pre–1984 laws and replaced them with supervised release. *Gozlon–*

*Peretz v. United States,* 498 U.S. 395, 399, 111 S.Ct. 840, 844, 112 L.Ed.2d 919 (1991). Those acts provided for the sentencing court, rather than the Parole Commission, to monitor the defendant's post-confinement supervised release. *Id.* 498 U.S. at 399–402, 111 S.Ct. at 844–45 (citing 18 U.S.C. §§ 3583, 3601). The effective date for such change was November 1, 1987. *Gozlon–Peretz,* also held that the date of enactment was the effective date for those provisions of the Anti–Drug Abuse Act of 1986 that did not have a specific effective date. *Gozlon–Peretz,* 498 U.S. at 406–410, 111 S.Ct. at 848–49. In *Gozlon–Peretz,* the Supreme Court referred to "special parole" as a "period of supervision served upon the completion of a prison term *and administered by the United States Parole Commission*" (emphasis added).

parole; and (3) violation of the terms of the special parole subjects the offender to possible reincarceration for the entirety of the special parole term, *United States v. Bridges*, 760 F.2d 151, 153–54 (7th Cir.1985) (holding, *inter alia*, that the special parole provisions in 21 U.S.C. § 841(b)(1)(A) did not violate the due process clause of the Fifth Amendment or the separation of powers in Article I, § 1 of the Constitution because it failed to specify the maximum special parole term that could be imposed).

### A.

■ Escamilla's position in the district court, and here, is that the Parole Commission had no authority to conduct a revocation hearing and revoke his special parole term because such authority lay only with the sentencing court, which in his case was the United States District Court for the Western District of Texas. In support of this position, counsel points out that there is no congressional enactment which specifically empowers the Parole Commission to monitor and revoke terms of special parole.

It is the government's position that the sentencing district court and the Parole Commission had concurrent jurisdiction to conduct a hearing and revoke Escamilla's special parole term. The government concedes that there is no congressional enactment which specifically empowers the Parole Commission to monitor and revoke special parole, but points out that neither is there congressional prohibition of such. The government goes on to contend that 18 U.S.C. § 4203(a)(1) empowers the Parole Commission to promulgate rules and regulations like 28 C.F.R. §§ 2.57 and 2.52, which delineate procedures to monitor and revoke parole.[3] The government further contends that 18 U.S.C. § 4210 gives the Parole Commission jurisdiction over parolees in the custody of the Attorney General until the expiration of the maximum term or terms for which such parolees were sentenced.

### B.

*Battle v. United States Parole Comm'n*, 834 F.2d 419 (5th Cir.1987) dealt with the precise question facing us. In that case, the Fifth Circuit spoke as follows:

Battle first contends that the Parole Commission does not have legal authority to supervise and revoke a special parole mandated by 21 U.S.C. § 841(c). Citing observations from several court opinions, he argues that only the district court has that authority. In *United States v. Hernandez*, 750 F.2d 1256, 1260 (5th Cir.1985), this court commented that "there is no reason why [the district court's] power [to order an appropriate sanction] does not also extend to sentencing a parole violator under § 841(b)(1)(A)." See also *United States v. Butler*, 763 F.2d 11, 15 (1st Cir.1985); *United States v. Glasser*, 750 F.2d 1197, 1207 (3rd Cir.1984), *cert. denied*, 471 U.S. 1068, 105 S.Ct. 2148, 85 L.Ed.2d 504 (1985) (regarding the analogous special parole term provided in 21 U.S.C. § 960(c)). None of these opinions, however, suggests that such sentencing authority in the district court is exclusive. In particular, none of them cites the section of the Code of Federal Regulations providing that supervision, revocation, and other special parole term proceedings are conducted by the Parole Commission similarly to regular parole. See 28 C.F.R. § 2.57 (1986), formerly 28 C.F.R. § 2.56 (1976). The authority of the Parole Commission pursuant to these regulations has been unquestioned by the courts. See *Walker v. United States Parole Commission*, 592 F.2d 905, 906 (5th Cir.1979) (involving counterpart provisions in 21 U.S.C. § 960(c)); *United States v. Bridges*, 760 F.2d 151, 154 (7th Cir.1985); *United States v. Lockley*, 590 F.Supp. 1215, 1217 (N.D.Ga.1984). There is no support for Battle's contention that special parole revocation authority rests solely in the district courts.

*Id.* at 420.

*Battle* was later reaffirmed by the Fifth Circuit in *Cortinas v. United States Parole*

---

**3.** Title 28 C.F.R. § 2.57 sets forth the procedures for monitoring and revoking special parole terms. Specifically, 28 C.F.R. § 2.57(c) provides that if a special parolee violates the conditions of his special parole term, he will be subject to revocation of his special parole as provided for in 28 C.F.R. § 2.52, which provides, *inter alia*, that the Parole Commission may, after a hearing, revoke parole.

*Comm'n,* 938 F.2d 43 (5th Cir.1991). In *Cortinas,* the Fifth Circuit spoke as follows:

Cortinas contends that the Commission did not have the requisite authority to revoke his parole and to forfeit his street time. He bases his argument upon the fact that neither 21 U.S.C. § 841(c) nor 18 U.S.C. § 4210 contains a specific delegation to the Commission of the administration of special parole.

In *Battle v. United States Parole Comm'n,* 834 F.2d 419, 420 (5th Cir.1987) (per curiam), we resolved the same claim by noting that, although several courts had held that district courts have the authority to revoke parole, that jurisdiction is not exclusive with those courts. We concluded that there was no authority for the proposition that the Commission has no jurisdiction to act with regard to parole revocation. Cortinas remarks on the "dubious validity" of 28 C.F.R. section 2.57, which in this regard states that the Commission has the same authority to act with respect to revocation and other special parole term proceedings as it does with regard to regular parole.

Cortinas does not provide any indication why this regulation is of "dubious validity," however. Moreover, in *Battle* we noted that "the authority of the Parole Commission pursuant to these regulations has been unquestioned by the courts." 834 F.2d at 420 (citing cases). Thus, contrary to Cortinas's assertion that *Battle* is inadequate to dispose of his claim because it relies upon a regulation that the Commission itself drafted to confer jurisdiction, *Battle* relies upon the courts' unquestioning reliance upon the authority of the Commission under these regulations and not simply upon the particular regulation itself.

*Id.* at 47.

Similarly, we reject Escamilla's contention that only the sentencing district court could

revoke his special parole term.[4] Instead, we elect to follow the Fifth Circuit's holdings in *Battle* and *Cortinas* and hold that the Parole Commission had concurrent jurisdiction with the sentencing district court to inquire into and revoke Escamilla's special parole term. We deem this holding particularly appropriate since Escamilla's special parole term was imposed by a district court located within the Fifth Circuit.

Judgment AFFIRMED.

---

4. Neither of the cases relied on by Escamilla as demonstrating a split with the Fifth Circuit, namely *United States v. Butler,* 763 F.2d 11 (1st Cir.1985), and *United States v. Glasser,* 750 F.2d 1197 (3rd Cir.1984), *cert. denied, Erdlen v. United States,* 471 U.S. 1018, 105 S.Ct. 2025, 85 L.Ed.2d 306 and *Gaza v. United States,* 471 U.S. 1068, 105 S.Ct. 2148, 85 L.Ed.2d 504 (1985), involved the revocation of a special parole term. Rather, in each of those cases, the Circuit Court, *inter alia,* simply upheld the imposition of a special parole term against a challenge that such violated due process rights.