IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-10010

_____

JOHN P. BEARD,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

_____

Appeal from the United States District Court for
the Northern District of Texas
(7:96-CV-84-X)

_____

April 9, 1998

Before REAVLEY, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

John Beard was convicted of murder and sentenced to 99 years in prison by a Texas court in 1955. He was paroled in 1965. In 1983 he stopped making annual reports to the Director of Parole Supervision as he was required to do as a condition of his parole. In 1992 a warrant was issued for his arrest for his failure to make the annual reports. He waived hearing and his parole was revoked. Now he brings this habeas corpus action,

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claiming that his constitutional right to due process was violated by Texas in the nine year delay between 1983 to 1992. The district court denied his claim and we affirm.

Beard cites the case of United States v. Tyler, 605 F.2d 851 (5th Cir. 1979) as authority supporting his claim. There we held that the federal probation officer could not, after a denied petition for revocation, file a new petition for revocation based on misdemeanor conduct known prior to the first hearing. We said that the decision not to file those charges in the first petition, coupled with lengthy delay, made the later action fundamentally unfair. The Tyler case has no bearing on Beard's claim. Beard complains only of delay. This court has said that a state's inaction must be "so grossly negligent that it would be unequivocally inconsistent with 'fundamental principles of liberty and justice' to require a legal sentence to be served in the aftermath of such .... inaction." Piper v. Estelle, 485 F.2d 245, 246 (5th Cir. 1973). It has also been held that inaction by the state for ten years neither waived jurisdiction nor offended due process rights of the prisoner. Clifton v. Beto, 298 F.Supp. 134 (S.D.Tex. 1968), affirmed, 411 F.2d 1226 (5th Cir. 1969).

We do not see that Beard has suffered any prejudice and, instead, continued to make no annual reports up to the date of his arrest in 1992. See Cortinas v. U. S. Parole Com'n, 938 F.2d 43, 45 (5th Cir. 1991).

AFFIRMED