**UNITED STATES of America,
Plaintiff,**

v.

**Gustavo NATIVIDAD–GARCIA,
Defendant.**

**No. MO:08–CR–00025(1)–RAJ.**

United States District Court,
W.D. Texas,
Midland/Odessa Division.

June 4, 2008.

---

G. Glenn Roque–Jackson, United States Attorney's Office, Midland, TX, for Plaintiff.

Dusty Gallivan, Gallivan & Associates, Odessa, TX, for Defendant.

## ORDER ADOPTING THE MAGISTRATE'S REPORT AND RECOMMENDATION

ROBERT JUNELL, District Judge.

On this day, the Court considered the Report and Recommendation of United States Magistrate Judge L. Stuart Platt, filed in the above-captioned cause on April 30, 3008, in connection with Defendant's Motion to Dismiss Indictment.

### I. Referral

■ Pursuant to 28 U.S.C. § 636(b)(1)(B), a district court may, on its own motion, refer a pending matter to a United States Magistrate Judge for a Report and Recommendation. The losing party may contest the Report and Recommendation by filing written objections within ten days of being served with a copy of the Report and Recommendation. 28 U.S.C. § 636(b)(1). The objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n,* 834 F.2d 419 (5th Cir. 1987) (the district court need not consider objections that are frivolous, conclusive, or general in nature).

On March 31, 2008, this Court referred this matter for a Report and Recommendation to U.S. Magistrate Judge Platt. Magistrate Platt took additional filings in this matter. On April 30, 2008, Magistrate Judge Platt issued his Report and Recommendation ("R & R") to this Court. In this R & R, Judge Platt recommended Defendant's Motion to Dismiss Indictment be granted or in the alternative, that the Defendant's request for a bill of particulars be granted.

### II. *De Novo* Review

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after being served with a copy of the Report and Recommendation shall bar that party from *de novo* review by the district court of the proposed findings and recommendations and, except upon grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the district court to which no objections were filed. 28 U.S.C. § 636(b)(1)(C); *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir.1996) (en banc) (failure to raise objections to the magistrate's recommendations waives that party's right to review in the district court and those claims not preserved by such objection are waived on appeal); *U.S. v. Wilson,* 864 F.2d 1219 (5th Cir.1989); *Thomas v. Arn,* 474 U.S. 140, 150–53, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

Plaintiff filed his set of Objections on April 30, 2008. This Court now finds that

Plaintiff's specific objections were timely filed and *de novo* review by this Court was therefore triggered as to those objections alone. The objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419 (5th Cir.1987) (the district court need not consider objections that are frivolous, conclusive, or general in nature).

As to the Magistrate's remaining Report and Recommendation, that neither side objected to, this Court will review such under a clearly erroneous or contrary to law standard. Section 636(b)(1) of Title 28 and Federal Rule of Civil Procedure 72(b) provide that within ten days after a magistrate judge issues his recommendation, a party may file specific written objections. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" before accepting, rejecting, or modifying those findings or recommendations. 28 U.S.C. § 636(b)(1). After due consideration, the Court is of the opinion that the Magistrate Judge's Report and Recommendation, that neither side objected to, was neither clearly erroneous nor contrary to law and should therefore be adopted.

As to the portions of the R & R which objections were timely filed by Plaintiff, this Court will now engage in a *de novo* review of the Report and Recommendation of the Magistrate.

### III. Background

On August 8, 1996, Defendant was convicted in the 238th Judicial District of Midland County, Texas of sexual assault. Defendant was notified when he was convicted as well as again on March 8, 2002 of his obligation to register as a sex offender. Defendant was ultimately deported to Mexico on February 9, 2004. In November of 2006, Defendant was discovered in the state of Florida. He was then arrested and charged with Failing to Register as a Sex Offender under Florida state law. This charge was eventually dismissed. In April of 2007, Defendant was indicted in Florida for illegal reentry into the United States after deportation and was sentenced to 40 months imprisonment.

On February 20, 2008, Defendant was arrested on a Complaint issued by the Magistrate against Defendant for violation of 18 U.S.C. § 2250(a). On February 27, 2008, Defendant was indicted for traveling in interstate commerce and knowingly failing to update registration as required by the Sex Offender registration and Notification Act (SORNA) by leaving the state of Texas and moving to the state of Florida on or about July 27, 2006 until November 15, 2006.

On March 27, 2008, Defendant filed a Motion to Dismiss Count One of the Indictment or in the alternative to Obtain a Bill of Particulars. In his Motion, Defendant argued that the Indictment should be dismissed because venue is proper in Florida and not in Texas and that applying SORNA requirements to the Defendant is a violation of the *ex post facto* clause.

### IV. Recommendations of the Magistrate

The Magistrate recommends this Court find that Defendant did not move through Texas as part of this continuing offense and therefore venue is not proper in this District. The Magistrate also recommends this Court find that § 2250 violates the *ex post facto* clause because it resulted in enhanced punishment for conduct that predated the time SORNA was applied to the Defendant. Lastly, the Magistrate recommends that the Government, in the

alternative, should be ordered to file a bill of particulars in this case.

## V. Objections to the Magistrate's Report and Recommendation

Plaintiff objects to the Magistrate's findings that venue is not proper in the Western District of Texas and that the prosecution of the Defendant for failing to register during the time period prior to the Attorney General's interim rule violated the ex post facto clause.

## VI. Discussion of Recommendation in light of Objections

 The Magistrate recommends this Court find that venue is not proper in this District since there was no evidence introduced that defendant ever entered the State of Texas before his appearance in Florida. Venue is proper in either the state in which the travel originated or in the state he resided and subsequently failed to register in, because § 2250 creates a continuing offense. This Court has no evidence before it that contradicts the findings of the Magistrate. There is no evidence that the defendant moved through this District after leaving Mexico but before ultimately residing in Florida. Therefore, venue is not proper in the Western District of Texas.

 The Magistrate recommends this Court find that § 2250 violates the *ex post facto* clause because it resulted in enhanced punishment for conduct that predated the time SORNA was applied to the defendant. It is not contested that the defendant was convicted of a sex offense before the enactment of SORNA. It is also not contested that he traveled in interstate or foreign commerce in 2006, when he was found to be living in Florida. This was after SORNA was enacted but before the Attorney General issued his interim rule that applied SORNA retroactively. According to the Magistrate, be-cause the defendant is being prosecuted and if found guilty would be subjected to new punishments for actions he performed before SORNA was made retroactive, a violation of the *ex post facto* clause occurred. This Court agrees completely with the reasoning of the Magistrate on this point, a violation of the *ex post facto* clause has occurred.

Alternatively, the Magistrate recommends this Court find that the Government should be ordered to file a bill of particulars addressing the dates and locations that defendant allegedly traveled in interstate commerce within the Western District of Texas, both before and after February 28, 2007, specific dates that defendant knowingly failed to register as a sex offender under SORNA, and the basis for the allegations that defendant was in violation of the registration requirements of 18 U.S.C. § 2250. Because no objection was made to this alternative, and as this Court is adopting the report and recommendation of the Magistrate on the issue of venue and the *ex post facto* clause, there is no reason to reach the alternative outlined by the Magistrate regarding a bill of particulars.

## VII. Conclusion

After thoroughly reviewing the Magistrate's conclusions and the underlying facts of this case, including the pleadings from both sides, this Court is compelled to agree with the factual and legal conclusions made by the Magistrate.

Accordingly, IT IS HEREBY ORDERED that AFTER DE NOVO REVIEW this Court finds the Magistrate's Report and Recommendation should be ADOPTED IN THEIR ENTIRETY as detailed above.

### REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION TO DISMISS COUNT ONE OF THE INDICTMENT BE GRANTED

L. STUART PLATT, United States Magistrate Judge.

Before this Court is Defendant's (Natividad–Garcia) Motion to Dismiss Count One of the Indictment or in the Alternative to Obtain a Bill of Particulars. This Motion is before Magistrate Judge L. Stuart Platt for a hearing and report and recommendation according to 28 U.S.C. § 636(b)(1)(B). After careful consideration of the facts and relevant law in this case, this Court recommends that Defendant's Motion to Dismiss Count One of the Indictment be **GRANTED**. In the alternative, if the District Judge determines that the Motion to Dismiss should not be granted, the undersigned recommends that the Defendant's request for a bill of particulars be **GRANTED**.

#### FACTS AND PROCEDURAL BACKGROUND

The following are undisputed facts provided by the parties. Defendant was convicted of Sexual Assault on August 8, 1996 in the 238th Judicial District Court of Midland County, Texas. Defendant was notified of his obligation to register as a sex offender at the time he was convicted and again on March 8, 2002. On February 9, 2004 Defendant was deported to Mexico.[1] In November 2006 the Defendant was discovered in Florida and was arrested and charged with Failing to Register as a Sex Offender in violation of a Florida State Statute. This charge was dismissed. In April 2007, Defendant was indicted in Florida for illegal reentry into the United States after deportation and was sentenced to 40 months in prison.

On January 23, 2008 this Court issued a Complaint for a violation of 18 U.S.C. § 2250(a) and Defendant was arrested on February 20, 2008. The Indictment filed on February 27, 2008 alleged that on or about July 27, 2006 until November 15, 2006 Defendant did travel in interstate commerce and knowingly fail to update registration as required by the Sex Offender Registration and Notification Act (SORNA) by leaving the State of Texas and moving to the State of Florida.[2]

On March 27, 2008 Defendant filed a Motion to Dismiss Count One of the Indictment or in the Alternative to Obtain a Bill of Particulars. Defendant's Motion argues that the Indictment should be dismissed because (1) venue is proper in Florida, not Texas and (2) applying the SORNA requirements to Defendant is a violation of the *ex post facto* clause. In the alternative, Defendant's Motion requests that the Government be ordered to file a bill of particulars stating (1) the basis for the allegations that Defendant was in violation of the registration requirements under 18 U.S.C. § 2250; (2) the dates and locations that the Defendant allegedly traveled via interstate commerce and within the Western District of Texas, both before and after February 28, 2007; and (3) specific dates that the Defendant allegedly "knowingly" failed to register under SORNA. The Government Responded to Defendant's Motion and the Court held a hearing on April 10, 2008. At the hearing, the Court considered the undis-

---

**1.** There is no evidence before the Court that Defendant was ever outside the constraints of incarceration from the date of conviction to the date of deportation.

**2.** Consistent with the Government's representation at the hearing, the Government filed a Superseding Indictment on April 23, 2008.

The principal change made by the Superseding Indictment is reflected by the language "Gustavo Natividad–Garcia, left the State of Texas, via deportation to the Republic of Mexico, and then traveled to the State of Florida, and failed to register and update registration as a sex offender."

puted facts presented and focused the parties' arguments on the venue, *ex post facto*, and delegation issues before taking the matter under advisement.

## DISCUSSION

On July 27, 2006 the Adam Walsh Protection and Safety Act of 2006, which includes the Sex Offender Registration and Notification Act (SORNA), was signed into law. Pub.L. 109–248. This Act requires sex offenders to register and keep the registration current in each jurisdiction where the offender resides. 42 U.S.C. § 16913(a). SORNA requires that a sex offender initially register before completing his imprisonment sentence or not later than three business days after being sentenced if no term of imprisonment is imposed. § 16913(b). Furthermore, a sex offender must keep his registration current by updating his registration in an at least one involved jurisdiction no later than three business days after his name, residence, employment or student status changes. § 16913(b). A sex offender who (1) is required to register under SORNA, (2) travels in interstate or foreign commerce [3], and (3) knowingly fails to register or update the registration faces a fine and imprisonment of up to 10 years. 18 U.S.C. § 2250(a).

Congress delegated to the Attorney General the issue of SORNA's applicability to sex offenders who had been convicted before the enactment of the Act, and as a result, were unable to comply with the initial registration requirement. 42 U.S.C. § 16913(d). On February 28, 2007 the Attorney General issued an interim order applying the SORNA registration requirements to all sex offenders who were convicted of an offense for which registration is required before the enactment of the Act. 28 C.F.R. § 72.3.

## I. Delegation Doctrine

 The delegation doctrine limits "Congress's ability to transfer its legislative power to another governmental branch." Black's Law Dictionary. "[O]ne branch of government may not cede functions exclusively granted to it by the Constitution to another branch." *United States v. Hinen*, 487 F.Supp 2d 747, 751 (W.D.Va.2007). Delegation is permissible if Congress prescribes an intelligible principle to guide an executive agency in making policy. *United States v. Madera*, 474 F.Supp 2d 1257, 1260 (M.D.Fla.2007) (citing *Mistretta v. United States*, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989)). Specifically, Congress should clearly delineate "the general policy, the public agency which is to apply it, and the boundaries of this delegated authority." *United States v. Mason*, 510 F.Supp 2d 923, 928 (M.D.Fla.2007) (citing *Mistretta*, 488 U.S. at 372–73, 109 S.Ct. 647).

 In SORNA, Congress delegated to the Attorney General the authority to apply the new regulations to sex offenders convicted before the enactment of SORNA and the authority to promulgate regulations for other sex offenders who are unable to comply with the initial registration requirement. 42 U.S.C. § 16913(d). Such a delegation was proper since Congress established a clear policy of protecting the public from sex offenders and offenders against children, was specific that the delegation was to the Attorney General, and established boundaries of the delegation by limiting the applicability of the Attorney General's rules to those convicted be-

---

**3.** Although such an allegation is not before this Court, it is important to note that at least one court has recently declared SORNA unconstitutional. The court found that SORNA failed to have a sufficient nexus with interstate commerce and, as a result, is beyond the scope of Congress's power under the Commerce Clause. *See United States v. Powers*, No.6:07–cr–221–Orl–31KRS, 2008 WL 1757721(M.D.Fla. April 18, 2008).

fore the enactment of SORNA and to those who were unable to comply with the initial registration. § 16901, § 16913. This Court, in agreeing with numerous other courts, finds that Congress's action in delegating its authority is proper is this instance and does not violate the delegation doctrine.

## II. Venue

Defendant argues that venue is not proper in this Court since the offense did not occur in this Court's jurisdiction, but instead occurred only in Florida where Defendant failed to register. The Government's sole argument for venue is that a violation of § 2250 is a continuing offense; therefore, venue is proper in any district in which a defendant has moved.

The Government's argument is based upon *Hinen* where the court relied upon Rule 18 of the Federal Rules of Criminal Procedure and the general venue statute in finding that failing to register under SORNA constituted a continuing offense and that it was proper to prosecute a violation of § 2250 in any district through which the defendant had moved. 487 F.Supp.2d at 759. Venue was found to be proper in either the state in which the travel originated and where the defendant originally resided or the state the defendant changed his residency to and where he failed to register as a sex offender. *Id.*

This Court agrees that for venue purposes § 2250 creates a continuing offense. Rule 18 of the Federal Rules of Criminal Procedure provides that "the government must prosecute an offense in a district where the offense was committed." Additionally, the general venue statute provides that

[a]ny offense involving the use of the mails, transportation in interstate or foreign commerce, or the importation of an object or person into the United States is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person moves.

18 U.S.C. § 3237(a). This Court believes that the federal rules and the general venue statute in conjunction with § 2250 establish a continuing offense so that venue is proper in any district in which a defendant has moved.

Although this Court agrees with the Government that venue is proper in any district in which Defendant has moved, this Court finds that Defendant has not moved in this District, the Western District of Texas. Defendant was involuntarily deported to Mexico in 2004 and was found in Florida in 2006. There are no facts showing that Defendant moved through Texas at any time after SORNA became effective. Had Defendant gone directly from Texas to Florida in 2006, the Court would agree that venue would be proper in Texas. Instead, Defendant was involuntarily deported to Mexico by immigration authorities of the United States in 2004 prior to the passage of SORNA.[4]

4. The provisions of 42 U.S.C. § 16913(a) state: "[f]or initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence." Additionally, § 16913(b) states, "[t]he sex offender shall initially register—(1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or (2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment." This statute was not in effect at the time of Defendant's involuntary deportation to Mexico. Although the Government has not raised the issue of initial registration in the location of conviction or its premise for venue purposes, it appears that the intention of Congress was

This Court does not consider deportation to be travel for interstate or foreign commerce purposes.[5] The Government cannot show that Defendant traveled through Texas after being involuntarily deported. As a result, Defendant did not move through Texas and venue is not proper in this District.

## III. *Ex Post Facto* Clause

The United States Constitution provides that "[n]o Bill of Attainder or *ex post facto* Law shall be passed." Art. I § 9, cl 3. The Supreme Court has also explained that "[t]he *ex post facto* prohibition forbids the Congress and the States to enact any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.' " *Weaver v. Graham*, 450 U.S. 24, 28, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981)(citing *Cummings v. Missouri*, 71 U.S. 277, 325–326, 4 Wall. 277, 18 L.Ed. 356 (1866)).

Many courts, in determining whether SORNA violates the *ex post facto* clause, have relied on the Supreme Court's decision in *Smith v. Doe*. In that case, the Supreme Court found that the registration requirements imposed by the Alaska Sex Offender Registration Act were nonpuni-tive and created a civil regime; therefore, the registration requirement could be applied retroactively without violating the *ex post facto* clause of the constitution. *Smith v. Doe*, 538 U.S. 84, 123 S.Ct. 1140, 1154, 155 L.Ed.2d 164 (2002).

This Court now agrees with the line of cases finding that *Smith v. Doe* does not address the specific issues presented by SORNA. *Smith v. Doe* limits its analysis to whether or not registration requirements of the Alaska Act could be applied retroactively. *Id.* at 89, 123 S.Ct. 1140. While the Court noted that the Alaska Act had established criminal penalties for failing to comply with the registration requirements, the Supreme Court found that the prosecution of such were separate offenses and were not before the Court. *Id.* at 101–02, 123 S.Ct. 1140. "Whether other constitutional objections can be raised to a mandatory reporting requirement, and how those questions might be resolved, are concerns beyond the scope of this opinion." *Id.* at 1152. The Supreme Court did not determine whether prosecution of retroactively applied registration requirements, which impose criminal penalties, violate the *ex post facto* clause.

However, this is the issue before this Court today in considering SORNA. De-

to provide a starting point for the registration process. It would further appear that the Defendant's duty for "initial registration" upon reentry into the United States would be the location where he resides.

Furthermore, the idea that the statute creates a duty to return to the state of conviction before registering in his new location of residence seems inconsistent with the entire concept of the protective nature of the statute's procedural process. Such a principle would have created a duty for the sex offender to travel, in this case, across multiple states to "initially register," then return to his state of residence, in this case Florida, and register again. The registration obligation in the state of conviction is for "initial registration purposes only." The idea of requiring a convict-ed sex offender to travel interstate under the act would be strained logic. This type of logic appears nonsensical and surely was not the intent of Congress.

5. Under Title 18 U.S.C. § 2250(c) it is an affirmative defense that "(1) uncontrollable circumstances prevented the individual from complying; (2) the individual did not contribute to the creation of such circumstances in reckless disregard of the requirement to comply; and (3) the individual complied as soon as such circumstances ceased to exist." Since Defendant was involuntarily deported from the United States, as a matter of law he meets the affirmative defense (although no trial has occurred and the defense has not been raised).

fendant was convicted of a sex offense before the enactment of SORNA and by inference had traveled in interstate or foreign commerce in 2006 when he was found in Florida after the Act was enacted, but before the Attorney General issued the interim rule applying SORNA retroactively. Since the Defendant is being prosecuted and if found guilty is subject to new punishments for actions performed before SORNA was made retroactive, a violation of the *ex post facto* clause has occurred.

The circumstances in the instant case are similar to others where the courts have found there to be a "gap" situation because the defendants traveled after the enactment of SORNA but before the Attorney General made SORNA applicable to the defendants. *United States v. Muzio*, No. 4:07CR179(CDP), 2007 WL 2159462, 2007 U.S. Dist. LEXIS 45330 (E.D.Mo. July 26, 2007); *United States v. Mantia*, No. 07–60041, 2007 WL 4730120, 2007 U.S. Dist. LEXIS 96018 (W.D.La. Dec. 10, 2007); *United States v. Stinson*, 507 F.Supp 2d 560, 569 (S.D.W.Va.2007). This Court now agrees with those cases and finds that SORNA did not apply to Defendant's actions at the time he traveled in interstate or foreign commerce. Therefore, the fact that Defendant is facing a possible criminal punishment for acts which were not illegal at the time they were performed by Defendant violates the *ex post facto* clause.

The Government relies on the argument that § 2250 establishes a continuing offense and a continuing offense does not violate the *ex post facto* clause. *Mantia* dismissed such an argument by relying on the plain wording of the text. 2007 WL 4730120, at *5–6, 2007 U.S. Dist. LEXIS 96018, at *13–14. The Act contains the "present tense 'travels' rather than the past-tense 'traveled' or past participle 'has traveled.' " *Id.* Relying on *Mantia*, this Court agrees and finds that use of the present tense "travels" shows that Congress did not intend for sex offenders to be prosecuted based on travel done before SORNA was made retroactive.

This Court agrees with the reasoning of other district courts in finding that § 2250 violates the *ex post facto* clause because it results in enhanced punishment for conduct that predates the time SORNA was applied to Defendant.

## IV. Bill of Particulars

In the alternative, Defendant argues that the Government should be ordered to file a bill of particulars. Specifically, Defendant requests the bill of particulars address the following information: (1) the basis for the allegations that Defendant was in violation of the registration requirements under 18 U.S.C. § 2250; (2) the dates and locations that the Defendant allegedly traveled via interstate commerce and within the Western District of Texas, both before and after February 28, 2007; and (3) specific dates that the Defendant allegedly "knowingly" failed to register under SORNA.

According to Rule 7 of the Federal Rules of Criminal Procedure, "[t]he court may direct the government to file a bill of particulars." Fed.R.Crim.P. 7(f). A bill of particulars is used to further inform a defendant of the charges against him, to minimize surprise at trial, and to enable him to adequately prepare a defense. *United States v. Carlock*, 806 F.2d 535, 550 (5th Cir.1986), *see also United States v. Hawkins*, 661 F.2d 436, 451 (5th Cir.1981), *United States v. Davis*, 582 F.2d 947, 951 (5th Cir.1978). The decision to grant or deny a bill of particulars is within the sound discretion of the trial court. *Hawkins*, 661 F.2d at 451–52.

The Court now finds that a bill of particulars would be appropriate in this case. Thus, if the District Judge does not accept the undersigned's recommendation that

Defendant's Motion to Dismiss be granted, the undersigned recommends that the Government be ordered to file a bill of particulars.

#### CONCLUSION

This Court finds that Congress' delegation to the Attorney General was proper, that venue is not proper in the United States District Court for the Western District of Texas, and that prosecuting Defendant for failing to register based on a time period prior to the Attorney General's interim rule violates the *ex post facto* clause of the United States Constitution.

Based on these findings, it is recommended that Defendant's Motion to Dismiss Indictment be **GRANTED.**

In the alternative, if the District Judge overrules the undersigned's findings and recommendation as to venue and the ex post facto clause, it is recommended that the request for a bill of particulars be **GRANTED.**

#### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of this Proposed Findings of Fact and Recommendation on all parties by mailing a copy to each of them by Certified Mail, Return Receipt Requested. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within ten (10) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the Magistrate Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996).

April 29, 2008.