**UNITED STATES of America**

v.

**Alejandro Z. PENA.**

**No. MO:08–CR–00127(1)–RAJ.**

United States District Court,
W.D. Texas,
Midland–Odessa Division.

Oct. 20, 2008.

John S. Klassen, U.S. Attorney's Office, Midland, TX, for Plaintiff.

E. Jason Leach, Law Office of E. Jason Leach, Odessa, TX, for Defendant.

### ORDER ADOPTING THE MAGISTRATE'S REPORT AND RECOMMENDATION

ROBERT A. JUNELL, District Judge.

On this day, the Court considered the Report and Recommendation of United States Magistrate Judge L. Stuart Platt, filed in the above-captioned cause on September 16, 2008, in connection with Defendant Alejandro Pena's Motion to Dismiss Indictment and the Government's Opposition to the Defendant's Motion to Dismiss.

### I. Referral

■ Pursuant to 28 U.S.C. § 636(b)(1)(B), a district court may, on its own motion, refer a pending matter to a United States Magistrate Judge for a Report and Recommendation. The losing party may contest the Report and Recommendation by filing written objections within ten days of being served with a copy of the Report and Recommendation. 28 U.S.C. § 636(b)(1). The objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n,* 834 F.2d 419 (5th Cir. 1987).

On August 8, 2008, this Court referred this matter for a Report and Recommendation to U.S. Magistrate Judge Platt. On September 15, 2008, Magistrate Judge Platt issued his Report and Recommendation ("R & R") to this Court, which was filed with the Clerk on September 16, 2008. In his R & R, Judge Platt recommended Defendant's Motion to Dismiss the Indictment be denied.

### II. *De Novo* Review

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after being served with a copy of the Report and Recommendation shall bar that party from *de novo* review by the district court of the proposed findings and recommendations and, except upon grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the district court to which no objections were filed. 28 U.S.C. § 636(b)(1)(C); *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir.1996) (en banc) (holding that failure to raise objections to the magistrate's recommendations waives that party's right to review in the district court, and those claims not preserved by such

objection are waived on appeal); *U.S. v. Wilson,* 864 F.2d 1219 (5th Cir.1989); *Thomas v. Arn,* 474 U.S. 140, 150–53, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

Defendant filed his set of Objections on September 26, 2008. The Government filed no Objections to the Magistrate's Report and Recommendation. The Court finds that Defendant's specific objections were timely filed and *de novo* review by this Court was therefore triggered as to those objections alone. The objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n,* 834 F.2d 419 (5th Cir.1987).

As to the Magistrate's remaining Report and Recommendation, to which neither side objected, this Court will review such under a clearly erroneous or contrary to law standard. Section 636(b)(1) of Title 28 and Federal Rule of Civil Procedure 72(b) provide that within ten days after a magistrate judge issues his recommendation, a party may file specific written objections. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" before accepting, rejecting, or modifying those findings or recommendations. 28 U.S.C. § 636(b)(1). After due consideration, the Court is of the opinion that the Magistrate Judge's Report and Recommendation, to which neither side objected, was neither clearly erroneous nor contrary to law and should therefore be adopted.

As for the portions of the R & R to which objections were timely filed by Defendant Pena, this Court will now engage in a *de novo* review of the Magistrate's Report and Recommendation.

## III.   Background

On August 8, 1996, Defendant Pena pleaded guilty to Indecent Solicitation of a Child in violation of Kansas state law. Sometime later, Defendant Pena moved from Kansas to Colorado. While residing in Colorado, Defendant Pena was arrested three times for failure to register as a sex offender before finally complying in January 2007. Defendant Pena then moved from Colorado to Texas. On June 13, 2008, Defendant Pena was arrested in Crane, Texas. As of June 13, 2008, Defendant had not registered as a sex offender in Texas, although he admitted to working in Texas for six months without having registered.

On June 25, 2008, Defendant was indicted on one count of violating 18 U.S.C. § 2250(a), being a sex offender, traveling in interstate commerce between Colorado and Texas, and failing to update his registration as required by the Sex Offender Registration and Notification Act (SORNA), which is Title I of the Adam Walsh Child Protection and Safety Act of 2006.

## IV.   Recommendations of the Magistrate

The Magistrate recommended this Court find Defendant's Motion to Dismiss Indictment to be without merit. According to the Magistrate's Report and Recommendation, the Defendant's claim fails because Congress did not exceed its authority under the Commerce Clause by enacting 18 U.S.C. § 2250 and 42 U.S.C. § 16913. The Magistrate found that:

A.   By regulating sex offenders who travel in interstate commerce, SORNA is regulating persons in interstate commerce, which falls within the second prong of *United States v. Lopez,* 514 U.S. 549, 558–559 [115 S.Ct. 1624, 131 L.Ed.2d 626] (1995), and is therefore valid under the Commerce Clause.

B. Sections 16913 and 2250 should be treated as interrelated components of SORNA, and SORNA itself should be viewed as a whole, instead of reviewing its registration and criminal components separately as Defendant suggests.

V. Defendant's specific objections to the Magistrate's Report and Recommendation

The Defendant objected to the Magistrate's Report and Recommendation, stating that:

The Magistrate erred in finding that the Indictment was valid since SORNA does not regulate any activity that substantially has an effect on interstate commerce. Defendant Pena asserts that failing to register does not encompass an act that falls under the valid exercise of Congress' Commerce Clause powers.

VI. Discussion of Recommendation in Light of Objections

After de novo review of this claim, this Court concludes that the Magistrate was factually and legally correct in his analysis and the Defendant's objections are without merit.

SORNA is part of the Adam Walsh Child Protection and Safety Act of 2006, which was enacted on July 27, 2006. SORNA requires states to maintain a database of sex offenders. *See* 42 U.S.C. § 16912. SORNA also requires sex offenders to register before completing a sentence of imprisonment or within three days after being sentenced to a term that does not include confinement. Sex offenders who fail to update their information may be fined and imprisoned for up to ten years. 18 U.S.C. § 2250.

■ Defendant Pena's contention in support of dismissal is that SORNA is not a valid exercise of Congress' Commerce Clause Power. The Commerce Clause grants Congress the power "to regulate commerce with foreign Nations, and among the several states." U.S. Const. Art. I. § 8, cl. 3. The power to regulate commerce between the states includes the power to regulate: (1) "the use of channels of interstate commerce;" (2) "the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come from intrastate activities;" and (3) "those activities having a substantial relation to interstate commerce." *United States v. Lopez,* 514 U.S. 549, 558–59, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). Only a "rational basis" must exist for concluding that the activity legislated substantially affects interstate commerce. *Gonzales v. Raich,* 545 U.S. 1, 17, 22, 125 S.Ct. 2195, 162 L.Ed.2d 1 (2005).

This Court concludes that SORNA withstands a constitutional challenge under the second prong of the *Lopez* test because it regulates persons traveling in interstate commerce. *See Lopez,* 514 U.S. at 558–59, 115 S.Ct. 1624. SORNA's criminal provision at 18 U.S.C. § 2250 contains an appropriate jurisdictional element which expressly limits SORNA prosecutions to those individuals who have traveled in interstate commerce. This Court agrees with the finding of *United States v. Shenandoah,* 572 F.Supp.2d 566, 574–76 (M.D.Pa.2008) that such an express limitation evidences that Congress was acutely aware of the breadth of its power under the Commerce Clause when it enacted SORNA. *See United States v. Adkins,* No. 07–0059, 2007 WL 4335457, at *6–7 (N.D.Ind. December 7, 2007) ("Congress was aware of the limits of its power, however, and included the jurisdictional element of interstate travel."). Because federal prosecution under § 2250 does not reach the purely intrastate movement of sex offenders who fail to comply with registration requirements, the Court finds

that SORNA does not run afoul of the Commerce Clause.

This holding is bolstered by the Congressional intent underlying SORNA, i.e., to protect public safety by creating a mechanism for tracking sex offenders as they move from state to state. Congress's authority "to keep the channels of interstate commerce free from immoral and injurious uses has been frequently sustained and is no longer open to question." *See Caminetti v. United States,* 242 U.S. 470, 491, 37 S.Ct. 192, 61 L.Ed. 442 (1917) (cited with approval in *Lopez,* 514 U.S. at 558, 115 S.Ct. 1624). As the Supreme Court has stated:

> Congress can certainly regulate interstate commerce to the extent of forbidding and punishing the use of such commerce as an agency to promote immorality, dishonesty or the spread of any evil or harm to the people of other states from the state of origin. In doing this it is merely exercising the police power, for the benefit of the public, within the field of interstate commerce.

*Brooks v. United States,* 267 U.S. 432, 436–37, 45 S.Ct. 345, 69 L.Ed. 699 (1925). The threat posed by sex offenders traveling in interstate commerce is precisely the type of peril that Congress may address utilizing the Commerce Clause. *See United States v. David,* No. 08–11, 2008 WL 2045830, at *8–9 (W.D.N.C. May 12, 2008) ("There can be no question that the interstate tracking of convicted sex offenders as they migrate around the country is a matter well within the scope of Congress's power."). Therefore, Title 18 U.S.C. § 2250 is not unconstitutional.

At least two district courts have held that SORNA's registration provision at 42 U.S.C. § 16913 is not authorized by the Commerce Clause. *See United States v. Waybright,* 561 F.Supp.2d 1154, 1156–57, 1160–68 (D.Mont.2008); *United States v. Powers,* 544 F.Supp.2d 1331, 1333–36

(M.D.Fla.2008). These decisions include a separate analysis of SORNA's registration provision, and this Court rejects that approach. Both provisions of 42 U.S.C. § 16913 and 18 U.S.C. § 2250 "are components of a symbiotic statutory scheme in which there is no criminal penalty unless there is a failure to register and, conversely, failure to register cannot be enforced without a criminal penalty." *United States v. Shenandoah,* 572 F.Supp.2d 566, 576 (M.D.Pa.2008); *United States v. Fuller,* No. 07–462, 2008 WL 2437869, at *10 (N.D.N.Y. June 13, 2008).

Also, this Court is persuaded by a number of other district courts that 42 U.S.C. § 16913 and 18 U.S.C. § 2250 should be treated "as interrelated components of the larger whole of SORNA sufficient to overcome any deficiencies when viewing § 16913 in isolation." *United States v. Hann,* 574 F.Supp.2d 827 (M.D.Tenn. 2008); *United States v. Van Buren,* No. 3:08–CR–198, 2008 WL 3414012 at *12 (N.D.N.Y.2008); *United States v. Trent,* 568 F.Supp.2d 857, 864–65 (S.D.Ohio 2008) (holding that because the defendant had traveled in interstate commerce, § 16913(a) could validly be applied to him); *United States v. Ditomasso,* 552 F.Supp.2d 233, 245–46 (D.R.I.2008). When considering SORNA as a whole, it is abundantly clear that the Act does not punish sex offenders for the intrastate failure to register. *Shenandoah,* 572 F.Supp.2d at 576–78. A person who has never traveled outside his birth state can never be a federal felon under SORNA. The federal government gains criminal jurisdiction only when a person required to register under SORNA travels in interstate commerce. *United States v. Hinen,* 487 F.Supp.2d 747, 757–58 (W.D.Va.2007); *United States v. Fuller,* No. 07–462, 2008 WL 2437869, at *10 (N.D.N.Y. June 13, 2008).

■ Alternatively, were the Court to parse SORNA, as was done in *United States v. Waybright,* 561 F.Supp.2d 1154, 1156–57, 1160–68 (D.Mont.2008), the registration provision would be authorized by the Necessary and Proper Clause, which grants Congress the power to "make all Laws which shall be necessary and proper" for executing its other enumerated powers. *Shenandoah,* 572 F.Supp.2d at 576–78; U.S. Const. art. I, § 8, cl. 18. In conjunction with the Commerce Clause, the Necessary and Proper Clause permits Congress to "regulate even those intrastate activities that do not themselves substantially affect interstate commerce," so long as the Congressional enactment is "necessary to make a regulation of interstate commerce effective." *Shenandoah,* 572 F.Supp.2d at 577 (*citing Gonzales,* 545 U.S. at 35, 125 S.Ct. 2195 (Scalia, J., concurring)); *see also United States v. Thomas,* 534 F.Supp.2d 912, 921 (N.D.Iowa 2008).

■ To satisfy the Necessary and Proper Clause, the means chosen need not be "narrowly tailored or absolutely necessary" to attain the desired end but must be "reasonably adapted" thereto. *Shenandoah,* 572 F.Supp.2d at 577, *citing Thomas,* 534 F.Supp.2d at 921–22. SORNA's registration provision is reasonably adapted to meet the Congressional purpose of monitoring sex offenders who travel across state lines and is authorized by the Necessary and Proper Clause. Therefore, Title 42 U.S.C. § 16913 is not unconstitutional.

## VII. Conclusion

After thoroughly reviewing the Magistrate's conclusions and the underlying facts of this case, including the pleadings from both sides, this Court is compelled to agree with the factual and legal conclusions made by the Magistrate.

Accordingly, IT IS HEREBY ORDERED that AFTER DE NOVO REVIEW this Court finds the Magistrate's Report and Recommendation should be wholly ADOPTED.

## *REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION TO DISMISS INDICTMENT BE DENIED* ·

L. STUART PLATT, United States Magistrate Judge.

BEFORE THE COURT is Alejandro Pena's ("Defendant") Motion to Dismiss Indictment (Document # 15) filed on August 6, 2008 and the Government's Opposition to Defendant's Motion to Dismiss (Document # 22) filed on September 11, 2008. This Motion is before Magistrate Judge L. Stuart Platt for a report and recommendation according to 28 U.S.C. § 636(b)(1)(B). After careful consideration of the facts and relevant law in this case, this Court recommends that Defendant's Motion to Dismiss Indictment be **DENIED.**

### FACTS AND PROCEDURAL BACKGROUND

The following facts are based on the Criminal Complaint filed in this action on June 13, 2008.[1] On August 8, 1996 Defendant pled guilty to Indecent Solicitation of a Child in violation of a Kansas state law. Sometime thereafter, Defendant moved to Colorado and resided there from 2005 to 2007. While living in Colorado, Defendant was arrested three times for failure to register as a sex offender under Colorado state law before finally complying in January, 2007. Defendant later moved from Colorado to Texas. Defendant was arrested in Crane, Texas on June 13, 2008. Defendant stated that he had been in Texas working for six months and that he had

---

1. The Court assumes no further facts in this case. If Defendant believes the facts are different, Defendant may file objections to this Order.

never registered as a sex offender and/or updated his registration with any law enforcement agency in Texas.

On June 25, 2008 Defendant was indicted for allegedly violating Title 18 U.S.C. § 2250(a) when he traveled in interstate commerce, by moving from Colorado to Texas, and knowingly failed to update his registration as required under the Sex Offender Registration and Notification Act (SORNA).

On August 6, 2008, Defendant filed his Motion to Dismiss Indictment arguing that SORNA is unconstitutional. Specifically, Defendant claims that the Indictment should be dismissed because (1) Congress exceeded its authority under the Commerce Clause when it enacted 18 U.S.C. § 2250 and created a criminal penalty for sex offenders who traveled in interstate commerce and failed to register and/or update his or her registration and (2) Congress exceeded its authority under the Commerce Clause when it enacted 42 U.S.C. § 16913 which requires convicted sex offenders to register and/or update their registration. The Court ordered that the parties provide the Court with briefs on the issues presented in Defendant's Motion. Defendant filed his brief supporting his Motion to Dismiss Indictment on August 21, 2008. The Government filed its opposition to the motion on September 11, 2008.

## DISCUSSION

On July 27, 2006 the Adam Walsh Protection and Safety Act of 2006, which includes SORNA, was signed into law. Pub. L. 109–248. This Act requires sex offenders to register and keep the registration current in each jurisdiction where the offender resides. 42 U.S.C. § 16913(a). SORNA requires that a sex offender initially register before completing his imprisonment sentence or not later than three business days after being sentenced if no term of imprisonment is imposed.

§ 16913(b). Furthermore, a sex offender must keep his registration current by updating his registration in an at least one involved jurisdiction no later than three business days after his name, residence, employment, or student status changes. § 16913(b). A sex offender who (1) is required to register under SORNA, (2) travels in interstate or foreign commerce, and (3) knowingly fails to register or update the registration faces a fine and imprisonment of up to 10 years. 18 U.S.C. § 2250(a).

Congress delegated to the Attorney General the issue of SORNA's applicability to sex offenders who had been convicted before the enactment of the Act, and as a result, were unable to comply with the initial registration requirement. 42 U.S.C. § 16913(d). On February 28, 2007 the Attorney General issued an interim order applying the SORNA registration requirements to all sex offenders who were convicted of an offense for which registration is required before the enactment of the Act. 28 C.F.R. § 72.3.

## I. Commerce Clause

Defendant challenges the constitutionality of SORNA claiming that Congress exceeded its authority under the Commerce Clause by enacting 18 U.S.C. § 2250 and 42 U.S.C. § 16913.

■ The United States Constitution grants Congress the authority to "regulate Commerce with foreign Nations, and among the several States, and with Indian Tribes." U.S. CONST, art. I, § 8, cl. 3. In *United States v. Lopez*, the Supreme Court identified three categories of activities which Congress may regulate under its commerce power: (1) "the use of the channels of interstate commerce;" (2) "the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come

only from intrastate activities;" and (3) "those activities having a substantial relation to interstate commerce." 514 U.S. 549, 558–559, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). Further, in determining whether or not an activity has a substantial relation to interstate commerce and falls under the third prong of *Lopez*, a Court must consider if the statute in question deals with commerce or any other form of economic activity, if there is a jurisdictional element which would limit the statute's reach to those who have a connection with or an effect on interstate commerce, and any congressional findings regarding the effects on interstate commerce. *Id.* at 561–62, 115 S.Ct. 1624.

## A.   18 U.S.C. § 2250

Here, Defendant's argument that § 2250 violates the Commerce Clause is solely based on *United States v. Powers*, 544 F.Supp.2d 1331 (M.D.Fla.2008). In *Powers*, the court found that the actions Congress regulates in § 2250 are not covered by any of the three categories established in *Lopez*. *Id.* at 1333–35. The court further found that, although SORNA does contain a jurisdictional element, such a statement is merely "statutory lip service" and does not establish a substantial affect on interstate commerce because there was "no nexus between the crime (failure to register) and the interstate travel." *Id.*

This Court finds Powers unpersuasive and instead finds that the enactment of § 2250 was a valid use of Congress's Commerce Clause powers. Under the second prong of *Lopez*, Congress may regulate "persons or things in interstate commerce." 514 U.S. at 558, 115 S.Ct. 1624. By regulating sex offenders who travel in interstate commerce, SORNA is regulating persons in interstate commerce. *United States v. Ditomasso*, 552 F.Supp.2d 233, 245 (D.R.I.2008). Therefore, this Court finds that SORNA falls within the second

prong of *Lopez* and is valid under the Commerce Clause. *Id.*

Additionally, this Court determines that the jurisdictional statement is not merely "lip service" as suggested by the *Powers* court. 544 F.Supp.2d at 1335. Instead, such an express limitation shows that "Congress was acutely aware of the breadth of its power under the Commerce Clause when it enacted SORNA." *United States v. Shenandoah*, 572 F.Supp.2d 566, 574–76 (M.D.Pa.2008). Since § 2250 is limited to sex offenders who travel in interstate commerce and does not reach those who move purely intrastate, there is no violation of the Commerce Clause. *Id.* at 576–78.

In this ruling, the Court now sides with the majority of cases in finding that § 2250 does not violate the Commerce Clause. *See e.g. U.S. v. May*, 535 F.3d 912, 921–22 (8th Cir.2008) (the only circuit court to have reviewed the Commerce Clause issue found that SORNA derives its authority from each prong *of Lopez*, specifically, the ability to regulate persons or things in interstate commerce); *United States v. Torres*, 573 F.Supp.2d 925, 937 (W.D.Tex. 2008) (the jurisdictional statement puts SORNA under the second prong of the *Lopez* framework); *United States v. Thomas*, 534 F.Supp.2d 912, 918 (N.D.Iowa 2008) (§ 2250 falls within the second *Lopez* category); *United States v. Pitts*, 7–157–A, 2007 WL 3353423, *4 (M.D.La. Nov. 7, 2007) (the authority under the Commerce Clause is clear from the jurisdictional element in § 2250(a)(2)(B)); *United States v. Trent*, 568 F.Supp.2d 857, 862 (S.D.Ohio) (same); *United States v. Robinson*, CR 108–021, 2008 WL 4086474, *5 (S.D.Ga. Sept. 2, 2008) (SORNA is focused on the movement of persons in interstate commerce and falls within the second prong of *Lopez* ).

Based on the these reasons and being in agreement with other courts, this Court finds that § 2250 does not violate the Commerce Clause.

## B. 42 U.S.C. § 16913

Defendant's argument that the enactment of § 16913 violates the Commerce Clause is based on *United States v. Waybright*, 561 F.Supp.2d 1154 (D.Mont.2008). There, the defendant argued that he should not have been required to register in the first place because the registration requirement, § 16913, exceeded Congress's power under the Commerce Clause. *Id.* at 1164. The court agreed that § 16913 "has nothing to do with commerce or any sort of economic enterprise," ... "has no express jurisdictional element to limit its reach to sex offenders connected with or affecting interstate commerce,"... and "any effect on interstate commerce is too attenuated to survive scrutiny under the Commerce Clause." *Id.* at 1165. Based on this reasoning, the court determined that § 16913 was not a valid exercise of Congress's power under the Commerce Clause. *Id.*

■ *Waybright* is the only case to have found that § 16913 is not a valid exercise of Congress's Commerce Clause power. While this Court agrees that this statute by itself does not contain a interstate travel element, we find that such an element is unnecessary because SORNA should be considered in its entirety. "In considering whether a statute is constitutional, 'the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole.'" *United States v. Howell*, CR07–2013–MWB, 2007 WL 3302547, *18 (N.D.Iowa

Nov. 8, 2007) (report and recommendation on motion to dismiss adopted in part and rejected in part by *United States v. Howell*, CR07–2013–MWB, 2008 WL 313200 (N.D.Iowa Feb. 1, 2008), but upholding Commerce Clause issue).

In this viewpoint we are agreeing with numerous other district courts in determining that § 16913 and § 2250 should be treated as interrelated components of SORNA and that SORNA should be reviewed in its totality instead of reviewing its registration and criminal components separately. *United States v. Hann*, 574 F.Supp.2d 827, 834–35 (M.D.Tenn.2008); *United States v. Van Buren*, 3:08–CR–198, 2008 WL 3414012, *13 (N.D.N.Y. August 8, 2008); *United States v. Craft*, 4:07CR3168, 2008 WL 1882904 (D.Neb. April 23, 2008)(choosing not to perform a separate inquiry into SORNA's registration requirements because they are part of the total effort to track sex offenders as they move between states).

When reviewing SORNA in its entirety the Court finds that SORNA is firmly within the Commerce Clause. "When analyzed together, the jurisdictional requirement of interstate travel applicable to criminal prosecution brings the registration requirements set forth in § 16913 under the umbrella of the [Commerce] Clause." *Hann*, 574 F.Supp.2d at 835; *see also Howell*, 2007 WL 3302547, *18 (finding that the ability to identify and track sex offenders as they travel from state to state is sufficient to fall under the Commerce Clause).

Based on these reasons,[2] the Court believes that § 16913 is a valid exercise of

---

**2.** Although this Court finds that § 16913 is a valid enactment based on the Commerce Clause, other courts have additionally held that the registration requirements are constitutional based on the Necessary and Proper

Clause. *See Van Buren*, 2008 WL 3414012 at *14; *Torres*, 573 F.Supp.2d at 938–41; *Thomas*, 534 F.Supp.2d 912, 921–22 (N.D.Iowa 2008).

Congress's power under the Commerce Clause.

CONCLUSION

This Court now finds that 18 U.S.C. § 2250 and 42 U.S.C. § 16913 are a valid exercise of Congress's Commerce Clause power.

Based on these findings, it is recommended that Defendant's Motion to Dismiss Indictment be **DENIED.**

INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of this Proposed Findings of Fact and Recommendation on all parties by mailing a copy to each of them by Certified Mail, Return Receipt Requested. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within ten (10) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the Magistrate Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Services Auto.*

*Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Signed this 15th day of September, 2008.