12-410-bk(L)
In re: Bernard L. Madoff Inv. Sec. LLC

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2012

(Argued: January 25, 2013     Decided: February 22, 2013)

Docket Nos. 12-410-bk(L), 12-437-bk(Con), 12-483-bk(Con), 12-529-bk(Con)

IN RE: BERNARD L. MADOFF INVESTMENT SECURITIES LLC,
*Debtor*,

JAMES L. KRUSE, HENRY T. DENERO, NANCY S. DENERO, CHARLES F. ROLECEK, C. THOMAS BROWN, MARGARET H. BROWN, SALLY S. BEAUDETTE, MARSHALL G. ROWE, LEE F. WOOD, HARVEY A. TAYLOR, MARKIAN D. STECYK, DONALD H. HANGEN, MARTHA L. WOOD, ROBERT H. SCOTT, MOLLY MCNAUGHTON, JAN FELDMAN, JAMES P. DULANY, NEVA ROSAMILIA, NICHOLAS ROSAMILIA, UPSTATE NEW YORK BAKERY DRIVERS AND INDUSTRY PENSION FUND,
*Claimants-Appellants*,

BRICKLAYERS AND ALLIED CRAFTSMAN LOCAL 2 ANNUITY FUND, BRICKLAYERS AND ALLIED CRAFTSWORKERS LOCAL 2, HEALTH BENEFIT FUND, BRICKLAYERS & ALLIED CRAFTWORKERS, LOCAL NO. 2, AFL-CIO, BUILDING TRADE EMPLOYERS INSURANCE FUND, CENTRAL NEW YORK LABORERS ANNUITY FUND, CENTRAL NEW YORK LABORERS HEALTH AND WELFARE FUND, CENTRAL NEW YORK LABORERS PENSION FUND, CENTRAL NEW YORK LABORERS TRAINING FUND, CONSTRUCTION EMPLOYERS ASSOCIATION OF CNY, INC., CONSTRUCTION AND GENERAL LABORERS' LOCAL NO. 633, AFL-CIO, ENGINEERS JOINT WELFARE FUND, ENGINEERS JOINT TRAINING FUND, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 43 AND ELECTRICAL CONTRACTORS PENSION FUND, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL NO. 43 AND ELECTRICAL CONTRACTORS WELFARE FUND, I.B.E.W. LOCAL 241 WELFARE BENEFITS FUND, I.B.E.W. LOCAL 910 WELFARE FUND, LABORERS' LOCAL 103 ANNUITY FUND, LABORERS' LOCAL 103 WELFARE FUND, NEW YORK STATE LINEMAN'S SAFETY TRAINING FUND, OSWEGO LABORERS' LOCAL NO. 214 PENSION FUND, PLUMBERS, PIPEFITTERS AND APPRENTICES LOCAL NO. 112 HEALTH FUND, ROOFERS' LOCAL 195 ANNUITY FUND, ROOFERS' LOCAL 195 HEALTH & ACCIDENT

FUND, SYRACUSE BUILDERS EXCHANGE, INC. /CEA PENSION PLAN, SERVICE EMPLOYEES BENEFIT FUND, SERVICE EMPLOYEES BENEFIT FUND OF UPSTATE NEW YORK, S.E.I.U. LOCAL 200 UNITED, AFL-CIO, SYRABEX, INC., SYRACUSE BUILDERS EXCHANGE, INC., U.A. LOCAL 73, PLUMBERS & FITTERS, AFL-CIO, LOCAL 73 RETIREMENT FUND, UPSTATE UNION HEALTH AND WELFARE FUND,
*Claimants*,

—v.—

SECURITIES INVESTOR PROTECTION CORPORATION, IRVING H. PICARD,
*Appellees*,

SECURITIES AND EXCHANGE COMMISSION,
*Intervenor.*[*]

——————

Before:

LEVAL, RAGGI, and LIVINGSTON, *Circuit Judges*.

——————

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise L. Cote, *Judge*; Burton R. Lifland, *Bankruptcy Judge*), affirming the bankruptcy court's order affirming Trustee Irving H. Picard's denial of appellants' claims against Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa et seq., because appellants do not qualify as BLMIS "customers" under SIPA, see id. § 78lll(2).

AFFIRMED.

_____

[*] The Clerk of Court is directed to amend the official caption as shown above.

WILLIAM L. CHAPMAN, Orr & Reno, P.A., Concord, New Hampshire, *for Appellants James L. Kruse, Henry T. DeNero, Nancy S. DeNero, Charles F. Rolecek, C. Thomas Brown, Margaret H. Brown, Sally S. Beaudette, Marshall G. Rowe, Lee F. Wood, Harvey A. Taylor, Markian D. Stecyk, Donald H. Hangen, Martha L. Wood, Robert H. Scott, Molly McNaughton, Jan Feldman, and James P. Dulany.*

CHRISTOPHER H. LAROSA (Josephine Wang, Kevin H. Bell, *on the brief*), *for Appellee Securities Investor Protection Corporation*, Washington, D.C.

DAVID J. SHEEHAN (Jorian L. Rose, Thomas D. Warren, Wendy J. Gibson, Seanna R. Brown, Bik Cheema, *on the brief*), Baker & Hostetler LLP, New York, New York, *for Appellee Irving H. Picard*.

MICHAEL L. POST (Mark D. Cahn, Michael A. Conley, Jacob H. Stillman, John W. Avery, *on the brief*), *for Intervenor Securities and Exchange Commission*, Washington, D.C.

Helen Davis Chaitman, Becker & Poliakoff, LLP, New York, New York, *for Appellants Neva Rosamilia and Nicholas Rosamilia.*

Mark I. Silberblatt, Bisceglie & De Marco, LLC, Woodland Park, New Jersey, *for Appellant Upstate New York Bakery Drivers and Industry Pension Fund*.

REENA RAGGI, *Circuit Judge*:

Appellants are investors who lost money in the multi-billion dollar Ponzi scheme perpetrated by Bernard L. Madoff Investment Securities LLC ("BLMIS"). They here appeal from a judgment of the United States District Court for the Southern District of New York (Denise L. Cote, *Judge*) entered on January 6, 2012, which affirmed a June 28, 2011 order of the bankruptcy court for the same district (Burton R. Lifland, *Bankruptcy Judge*), affirming Trustee Irving H. Picard's denial of appellants' claims against BLMIS under the Securities Investor Protection Act ("SIPA"), 15 U.S.C. § 78aaa et seq., based on the

3

Trustee's determination that appellants do not qualify as BLMIS "customers" under SIPA, see id. § 78lll(2).[1]

---

[1] Pursuant to a stipulation under Fed. R. App. P. 42, the appeals of the following appellants were dismissed with prejudice by order dated January 17, 2013: Bricklayers and Allied Craftsman Local 2 Annuity Fund; Bricklayers and Allied Craftsworkers Local 2, Health Benefit Fund; Bricklayers & Allied Craftworkers, Local No. 2, AFL-CIO; Building Trade Employers Insurance Fund; Central New York Laborers Annuity Fund; Central New York Laborers Health and Welfare Fund; Central New York Laborers Pension Fund; Central New York Laborers Training Fund; Construction Employers Association of CNY, Inc.; Construction and General Laborers' Local No. 633, AFL-CIO; Engineers Joint Welfare Fund; Engineers Joint Training Fund; International Brotherhood of Electrical Workers Local Union No. 43 and Electrical Contractors Pension Fund; International Brotherhood of Electrical Workers Local No. 43 and Electrical Contractors Welfare Fund; I.B.E.W. Local 241 Welfare Benefits Fund; I.B.E.W. Local 910 Welfare Fund; Laborers' Local 103 Annuity Fund; Laborers' Local 103 Welfare Fund; New York State Lineman's Safety Training Fund; Oswego Laborers' Local No. 214 Pension Fund; Plumbers, Pipefitters and Apprentices Local No. 112 Health Fund; Roofers' Local 195 Annuity Fund; Roofers' Local 195 Health & Accident Fund; Syracuse Builders Exchange, Inc. /CEA Pension Plan; Service Employees Benefit Fund; Service Employees Benefit Fund of Upstate New York; S.E.I.U. Local 200 United, AFL-CIO; Syrabex, Inc.; Syracuse Builders Exchange, Inc.; U.A. Local 73, Plumbers & Fitters, AFL-CIO; Local 73 Retirement Fund; and Upstate Union Health and Welfare Fund. Thus, these parties are not before us.

The parties agree that the challenged bankruptcy court order and ensuing district court judgment did not apply to (1) appellants Neva and Nicholas Rosamilia, who did not invest in the sixteen hedge funds at issue in those decisions; and (2) appellant Upstate New York Bakery Drivers and Industry Pension Fund, because its claims involve the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. See SIPC v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff), 454 B.R. 285, 291 n.7 (Bankr. S.D.N.Y. 2011) (limiting scope of bankruptcy court order); Transcript of Hearing re: Trustee's Motion for an Order to Affirm Trustee's Determinations Denying Claims of Claimants Without BLMIS Accounts in Their Names, Namely, Investors in Feeder Funds at 51, SIPC v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff), 454 B.R. 285 (Bankr. S.D.N.Y. 2011) (No. 95-88888-brl) (stating that ERISA-related claims had been "carved out by agreement"). We therefore dismiss these parties' appeals for lack of jurisdiction. See 28 U.S.C. §§ 158(d)(1), 1291; Quigley Co. v. Law Offices of Peter G. Angelos (In re Quigley Co.), 676 F.3d 45, 51 (2d Cir. 2012) ("[W]e regard as final orders that finally dispose of discrete disputes within the larger [bankruptcy] case." (internal quotation marks omitted)).

4

## I.  Background

The record demonstrates that none of the appellants remaining on this appeal invested directly with BLMIS.[2]  Rather, they invested in two limited partnerships, Spectrum Select, L.P., and Spectrum Select II, L.P. ("Spectrum Funds"), which in turn invested in two hedge funds, Rye Select Broad Market Fund, L.P., and Rye Select Broad Market Prime Fund, L.P. ("Feeder Funds"), which were organized as limited partnerships under Delaware law. Through various explanatory material, including offering memoranda, the Feeder Funds advised investors who purchased interests in the funds that the investors yielded exclusive control over investment decisions to the funds.  The Feeder Funds invested the pooled capital obtained from their investors with BLMIS through securities accounts maintained only in the funds' names.  The Feeder Funds made deposits to and withdrawals from their BLMIS accounts, and they received account documentation, including account statements and trade confirmations, from BLMIS.  As investors in the Spectrum Funds that invested in the Feeder Funds, appellants had no direct financial dealings with BLMIS, and no account information in BLMIS records identified them as BLMIS investors.

In these circumstances, the Trustee, the bankruptcy court, and the district court each concluded that appellants could not pursue SIPA claims distinct from those of the Feeder Funds because appellants were not themselves BLMIS "customers."  See SIPC v. Bernard

---

[2] The remaining appellants are James L. Kruse, Henry T. DeNero, Nancy S. DeNero, Charles F. Rolecek, C. Thomas Brown, Margaret H. Brown, Sally S. Beaudette, Marshall G. Rowe, Lee F. Wood, Harvey A. Taylor, Markian D. Stecyk, Donald H. Hangen, Martha L. Wood, Robert H. Scott, Molly McNaughton, Jan Feldman, and James P. Dulany.

L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff), 454 B.R. 285, 295 (Bankr. S.D.N.Y. 2011) (stating that, because appellants "purchased ownership interests in the Feeder Funds themselves, thereby investing in, and not through, the Feeder Funds," they did not "have a claim on account of a securities account with BLMIS," could not "establish that they entrusted cash or securities with BLMIS for the purpose of trading or investing in securities," and therefore lacked "the type of fiduciary relationship with the debtor that characterizes customers in general" (emphasis in original; internal quotation marks omitted)); accord Aozora Bank Ltd. v. SIPC (In re Bernard L. Madoff Inv. Sec., LLC), 480 B.R. 117, 121–29 (S.D.N.Y. 2012).

Appellants' timely appeal followed.

## II.    Discussion

Appellants' interest in being recognized as BLMIS "customers" distinct from the Feeder Funds is obvious.  To the extent BLMIS's assets are insufficient to compensate "customers" for their investment losses, each recognized "customer" can seek to have its remaining losses compensated by the Securities Investor Protection Corporation ("SIPC")—subject to a cap of $500,000 per "customer"—out of a special fund capitalized by the general brokerage community.  See 15 U.S.C. §§ 78ddd, 78fff-3; Stafford v. Giddens (In re New Times Sec. Servs., Inc.), 463 F.3d 125, 127 (2d Cir. 2006).  Thus, should appellants be recognized as BLMIS "customers" in their own right, each would be entitled to seek up to $500,000 in uncompensated losses.  But if only the Feeder Funds are

6

recognized as "customers," their SIPC recovery would be capped at $500,000, from which

their investors, such as the Spectrum Funds, could recover only a fraction for distribution in

even smaller amounts to their own investors, such as appellants.

In considering appellants' argument that they qualify as BLMIS "customers" under

SIPA, we review the bankruptcy court's contrary conclusion "independently, accepting its

factual findings unless clearly erroneous but reviewing its conclusions of law de novo."

Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.), 419 F.3d 115,

124 (2d Cir. 2005).  On such review, we perceive no error in the bankruptcy court's decision.

SIPA defines a "customer" of a debtor as follows:

> [A]ny person (including any person with whom the debtor deals as principal
> or agent) who has a claim on account of securities received, acquired, or held
> by the debtor in the ordinary course of its business as a broker or dealer from
> or for the securities accounts of such person for safekeeping, with a view to
> sale, to cover consummated sales, pursuant to purchases, as collateral, security,
> or for purposes of effecting transfer.

15 U.S.C. § 78lll(2)(A).  The statute explains that this definition includes, inter alia, "any

person who has deposited cash with the debtor for the purposes of purchasing securities," id.

§ 78lll(2)(B)(i), and "any person who has a claim against the debtor arising out of sales or

conversions of such securities," id. § 78lll(2)(B)(iii).

This court has ruled that "[j]udicial interpretations of 'customer' status support a

narrow interpretation of the SIPA's provisions." In re New Times Sec. Servs., Inc., 463 F.3d

at 127 (internal quotation marks omitted).  We have identified "the critical aspect of the

'customer' definition" to be "the entrustment of cash or securities to the broker-dealer for the

7

purposes of trading securities." In re Bernard L. Madoff Inv. Sec. LLC, 654 F.3d 229, 236 (2d Cir. 2011) (emphasis and internal quotation marks omitted).

Appellants fail to satisfy this critical requirement. The record shows that they: (1) had no direct financial relationship with BLMIS, (2) had no property interest in the assets that the Feeder Funds invested with BLMIS, (3) had no securities accounts with BLMIS, (4) lacked control over the Feeder Funds' investments with BLMIS, and (5) were not identified or otherwise reflected in BLMIS's books and records. In SIPC v. Morgan, Kennedy & Co., 533 F.2d 1314 (2d Cir. 1976), we relied on similar factors to conclude that employee-beneficiaries of a profit-sharing plan were not "customers" of a debtor under SIPA. See id. at 1318. Such analysis continues to provide the appropriate framework for identifying a SIPA debtor's "customers." Thus, as in Morgan Kennedy, we here reject appellants' argument that they qualify as "customers" of the debtor. Appellants' urged construction not only would depart from the "narrow interpretation" mandated by our precedent, see In re New Times Sec. Servs., Inc., 463 F.3d at 127, but also would stretch the word "customers" "wholly beyond [the] limits" of its understood meaning, see SIPC v. Morgan, Kennedy & Co., 533 F.2d at 1318. Accordingly, like the Trustee, the bankruptcy court, and the district court, we conclude that appellants do not qualify as BLMIS "customers" under SIPA.

Appellants seek to distinguish this case from Morgan Kennedy, claiming that they did exercise a degree of control over the Feeder Funds' investments with BLMIS. The

8

bankruptcy court, however, expressly found to the contrary, relying on the Feeder Funds' explanatory material, which demonstrated that appellants yielded exclusive control over investment decisions to the Feeder Funds. This conclusion finds support in the record. For example, the offering memorandum of the Rye Select Broad Market Prime Fund, L.P., indicates that the limited partners have no authority to make investment decisions. See Rye Select Broad Mkt. Prime Fund, L.P., Amended & Restated Confidential Private Placement Memorandum, J.A.1391 ("The General Partner has sole responsibility for contacting the . . . Investment Advisors regarding trading activity, as well as the sole right to hire or terminate the . . . Investment Advisors."); id. at 1396–97 (stating that decisions regarding partnership's investment objective and process are made by General Partner). Appellants have pointed to no evidence to the contrary. Thus, there is no record basis for us to identify clear error in this factual finding. But even if appellants could demonstrate that they exercised some level of control over the Feeder Funds' investments, that fact, standing alone, would be insufficient to confer "customer" status on appellants given that, individually, they "made no purchases, transacted no business, and had no dealings whatsoever" with BLMIS. SIPC v. Morgan, Kennedy & Co., 533 F.2d at 1318.

Similarly unpersuasive is appellants' argument that they are BLMIS "customers" because they always intended that the money they invested in the Spectrum Funds would, in the end, be invested in BLMIS. The argument fails because the limited partnership interests sold by the Feeder Funds to investors, such as the Spectrum Funds, did not confer

9

an ownership interest in money that the Feeder Funds ultimately invested in BLMIS. See 6 Del. C. § 17-701; see also In re Marriott Hotel Props. II Ltd. P'ship, No. CIV-A-14961, 2000 WL 128875, at \*15 (Del. Ch. Jan. 24, 2000) ("Section 17-701 of the Delaware Revised Uniform Limited Partnership Act . . . has been interpreted to preclude the attempt to equate ownership interests in a partnership with ownership of partnership property."). Thus, regardless of their intent, appellants never entrusted their cash or securities to BLMIS and, thus, fail to satisfy this "critical aspect of the 'customer' definition." In re Bernard L. Madoff Inv. Sec. LLC, 654 F.3d at 236 (internal quotation marks omitted); see SIPC v. Morgan, Kennedy & Co., 533 F.2d at 1318; see also 1-12 Collier on Bankruptcy ¶ 12.12 (16th ed. 2012) ("[A] claimant will not be entitled to customer protection under SIPA unless the debtor actually receives the claimant's cash or securities; the debtor must actually have come into possession or control.").

Out-of-circuit cases cited by appellants do not aid their argument. See Ahammed v. SIPC (In re Primeline Sec. Corp.), 295 F.3d 1100 (10th Cir. 2002); Focht v. Heebner (In re Old Naples Sec., Inc.), 223 F.3d 1296 (11th Cir. 2000). In each of those cases, the claimants provided money to an ostensible agent of a broker-debtor for the purpose of investing their money through the broker-debtor, but the agent instead misappropriated the funds. See In re Primeline Sec. Corp., 295 F.3d at 1107–08; In re Old Naples Sec., Inc., 223 F.3d at 1303–04. The courts concluded that the claimants were "customers" of the broker-debtor because, in each case, they intended to deposit their money with the broker-debtor; they

10

followed the agent's instructions for doing so; and, at least in <u>Old Naples</u>, the broker-debtor ultimately acquired control over the claimants' funds. Here, the Feeder Funds' explanatory material made clear that they were offering ownership interests in the Feeder Funds, not direct investment with BLMIS. Thus, unlike the claimants in <u>Primeline</u> and <u>Old Naples</u>, appellants could not reasonably have thought that the Feeder Funds deposited their money with or established accounts for them at BLMIS.

Nor did the bankruptcy court err in concluding that the Feeder Funds were not BLMIS agents. Appellants point to no record evidence that BLMIS authorized the Feeder Funds to act on its behalf or that BLMIS exercised control over the Feeder Funds. <u>See</u> <u>Pan Am. World Airways, Inc. v. Shulman Transp. Enters., Inc. (In re Shulman Transp. Enters., Inc.)</u>, 744 F.2d 293, 295 (2d Cir. 1984) ("Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." (internal quotation marks omitted)).

Finally, we need not address appellants' contention that, according to the statutory language, they were not required to have had accounts with BLMIS in order to be "customers." Even if we were to decide this question in their favor, appellants would not meet SIPA's definition of a "customer."

The judgment of the district court, affirming the bankruptcy court's order granting the Trustee's motion, is AFFIRMED.

11