NOT FOR PUBLICATION



FILED

APR 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| U.S. SECURITIES & EXCHANGE COMMISSION, | No. 23-55252 |
| Plaintiff-Appellee, | D.C. No. 3:19-cv-01628-LAB-AHG |
| v. | MEMORANDUM* |
| KIM H. PETERSON, individually, and as Trustee of the Peterson Family Trust dated April 14, 1992, and as Trustee of the Peterson Family Trust dated September 29, 1983; KIM FUNDING, LLC; ABC FUNDING STRATEGIES, LLC, | |
| Appellants, | |
| v. | |
| CHICAGO TITLE COMPANY; CHICAGO TITLE INSURANCE COMPANY, | |
| Defendants, | |
| NOSSAMAN LLP; MARCO COSTALES, | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

------------------------------

KRISTA FREITAG, Receiver for ANI Development, LLC, American National Investments, Inc., and their subsidiaries and affiliates,

Receiver-Appellee.

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted August 13, 2024
Pasadena, California

Before:  EBEL,[**] BADE, and FORREST, Circuit Judges.

Appellants Kim Peterson and his businesses, Kim Funding LLC and ABC Funding Strategies, LLC (the "Peterson Entities"), appeal the district court's decision disallowing the Peterson Entities' claims against the receivership established for Gina Champion-Cain ("Cain")'s company ANI Development, LLC ("ANI").  Reviewing for an abuse of discretion, see S.E.C. v. Hardy, 803 F.2d

---

[**]	The Honorable David M. Ebel, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

2

1034, 1037 (9th Cir. 1986), we affirm.[1]

Cain operated a Ponzi scheme through ANI and paid the Peterson Entities to recruit investors for the scheme. There has been no finding that Peterson knew Cain's scheme was fraudulent.

Faced with more Ponzi scheme losses than funds to repay those losses, the district court approved the Receiver's plan to distribute the receivership res among investors with net losses. The Receiver determined that Peterson and his Entities were net Ponzi-scheme winners, receiving approximately $12.7 million more in investment returns and recruiting commissions than they paid into the scheme. The Peterson Entities, nevertheless, filed claims with the receivership seeking to recover more than $128 million based on losses that Peterson-recruited investors suffered in the Ponzi scheme. The Peterson-recruited investors filed their own claims with the receivership seeking to recover their lost investments. The Peterson Entities contended that they, rather than their recruited investors, should recover for the investors' losses because the Peterson Entities entered into loan

---

[1] We GRANT Appellants' motions to be excused from filing paper copies of their record excerpts (Doc. 24) and for judicial notice of two state court orders (Doc. 48).

agreements with their recruited investors for the amounts the recruits invested.[2] The district court determined that it was more equitable for the receivership to repay the Peterson-recruited investors directly for their net Ponzi-scheme losses rather than to pay those losses to the Peterson Entities. The district court did not abuse its discretion in making that determination.

Case law and the record support the district court's deeming Appellants to be Ponzi-scheme "insiders," "[n]otwithstanding Peterson's ignorance of the fraud."[3] Moreover, regardless of the label given to Appellants, the district court did not abuse its discretion in disallowing the Peterson Entities' claims against the receivership and instead paying the Peterson-recruited investors directly for their net losses. <u>Kruse v. Securities Investor Protection Corp. (In re Bernard L. Madoff Investment Securities LLC)</u>, 708 F.3d 422 (2d Cir. 2013), is distinguishable and its reasoning supports not allowing the Peterson Entities' claims. It concerned a

---

[2] Peterson further asserted that, because he personally guaranteed most of these loans, his personal liability exceeds $100 million. He did not file an individual claim against the receivership.

[3] Contrary to Appellants' argument, the district court did not find that Peterson knew Cain's scheme was fraudulent. Instead, the court determined that Peterson was an insider, "[n]otwithstanding [his] ignorance of the fraud." The court further acknowledged that Cain "testified that Peterson wasn't aware of the fraud, and Peterson has neither been found liable for his role in the scheme nor been charged with any wrongdoing." Accordingly, Appellants' argument that the district court violated their Due Process rights by concluding that Peterson was aware of the fraud is unavailing.

statute not at issue in this case, <u>id.</u> at 424, and unlike in <u>Kruse</u>, many investors in this case had "direct financial dealings" with the fraudulent entity, <u>id.</u> at 425.[4]

AFFIRMED.

---

[4] Although the Peterson Entities fault the district court for failing to parse which of the many investors had a direct nexus with the scheme, that is not an abuse of the district court's broad discretion. <u>See Hardy</u>, 803 F.2d at 1037.