*Pascucci v. Commissioner of Internal Revenue*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of November, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> RICHARD C. WESLEY,
> > *Circuit Judge*,
> Elizabeth A. Wolford,
> > *District Judge.*[*]

_____

CHRISTOPHER S. PASCUCCI, SILVANA B. PASCUCCI,

> *Petitioners-Appellants*,

v.                                                                    24-2429

COMMISSIONER OF INTERNAL REVENUE,

> *Respondent-Appellee*.

_____

| | |
|---|---|
| For Petitioners-Appellants: | KENDALL C. JONES, Mary E. Monahan, Eversheds Sutherland (US) LLP, Washington, DC. |
| For Defendant-Appellee: | ROBERT J. BRANMAN, Jacob Earl Christensen, Tax Division, Department of Justice, Washington, DC. |

_____

[*] Chief Judge Elizabeth A. Wolford, of the United States District Court for the Western District of New York, sitting by designation.

Appeal from the July 9, 2024 decision of the United States Tax Court (Gustafson, *J.*)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Tax Court is **AFFIRMED**.

Petitioners-Appellants Christopher S. Pascucci ("Mr. Pascucci") and Silvana B. Pascucci ("Petitioners") appeal from a July 9, 2024 decision of the United States Tax Court (Gustafson, *J.*), upholding a deficiency determination by the Commissioner of Internal Revenue ("Commissioner"). At issue was a claimed theft loss deduction of $8,238,674, the amount of the decline in value of sixteen variable life insurance policies owned by Mr. Pascucci ("the policies") following the exposure of the Ponzi scheme orchestrated by Bernard L. Madoff ("Madoff").

The assets in the separate accounts supporting the policies were invested in a fund managed by Tremont Partners, Inc. ("Tremont"). Tremont invested portions of that fund in the Rye Select Broad Market Series of funds ("Rye Broad funds"), which in turn invested in an account managed by Bernard L. Madoff Investment Securities LLC ("BLMIS"). In 2008, it became clear that the investment advisory business of BLMIS was a Ponzi scheme and that Tremont's investments in the Rye Broad funds were worthless. Petitioners then sought a theft loss deduction for the decline in the value of the policies attributable to Tremont's worthless investments. In 2018, the Internal Revenue Service determined Petitioners were not entitled to this deduction and issued a notice of deficiency in 2018. In 2024, the Tax Court agreed with the IRS's determination. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision.

\*     \*     \*

"We 'review the decisions of the Tax Court . . . in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury.'" *Alphonso v. Comm'r*, 708

F.3d 344, 350 (2d Cir. 2013) (quoting 26 U.S.C. § 7482(a)(1)). "We thus review its 'legal rulings . . . de novo,' and we 'owe no deference to the Tax Court's statutory interpretations.'" *Id.* (alterations accepted) (first quoting *Scheidelman v. Comm'r*, 682 F.3d 189, 193 (2d Cir. 2012); then quoting *Madison Recycling Associates v. Comm'r*, 295 F.3d 280, 285 (2d Cir. 2002)).

Section 165(c)(3) of the tax code provides a deduction for "losses of property not connected with a trade or business or a transaction entered into for profit, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft." 26 U.S.C. § 165(c)(3) (2008). In *Alphonso*, this Court noted that in order to claim a § 165(c)(3) deduction, a taxpayer must have a property interest in the property lost to casualty or theft. *See* 708 F.3d 344, 350–51 (2d Cir. 2013). On appeal, Petitioners argue that Mr. Pascucci possessed a sufficient property interest in funds stolen by Madoff. We disagree.

"In the application of a federal revenue act, state law controls in determining the nature of the legal interest which the taxpayer had in the property." *Id.* at 351 (alterations and internal quotation marks omitted) (quoting *United States v. National Bank of Commerce,* 472 U.S. 713, 722 (1985)). Petitioners fail to argue that the policies gave them a cognizable property interest in the assets held in the separate accounts under applicable state law, which suggests the opposite. *E.g.*, N.Y. Ins. Law § 4240(a)(12). Even assuming *arguendo* that Mr. Pascucci possessed a sufficient property interest in the assets held in the separate accounts supporting the policies, he had no property interest in any funds ultimately stolen by Madoff. In *In Re Bernard L. Madoff Inv. Securities LLC* ("*Madoff*"), we held that "limited partnership interests" in funds that invested in BLMIS, including the Rye Broad funds, "did not confer an ownership interest in money that [those funds] ultimately invested in BLMIS." 708 F.3d 422, 427 (2d Cir. 2013) (citing 6 Del. C.

3

§ 17–701).   Here, the separate accounts supporting the policies contained limited partnership interests in the Tremont fund, which in turn invested in the Rye Broad funds.

To be sure, as Petitioners point out, the Court in *Madoff* was considering whether indirect investors in BLMIS qualified as "customers" under the Securities Investor Protection Act.   *Id.* at 424; *see also* 15 U.S.C. § 78*lll*(2).   But though the case did not involve § 165(c)(3), its reasoning is instructive.   Like the limited partnerships at issue there, the Tremont fund was organized under Delaware law.   "Section 17-701 of the Delaware Revised Uniform Limited Partnership Act, states: 'A partner has no interest in specific limited partnership property,' and has been interpreted to preclude the attempt to equate ownership interests in a partnership with ownership of partnership property."   *In re Marriott Hotel Props. II Ltd. P'ship*, 2000 WL 128875, at *15 (Del. Ch. Jan. 24, 2000).   Accordingly, Petitioners had no property interest in the money Tremont invested in the Rye Broad funds, let alone in money Madoff ultimately stole from those funds.   The Tax Court thus rightly concluded Petitioners could not claim the theft loss deduction.

\*     \*     \*

We have considered Petitioners' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the Tax Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4